```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

KEITH ANDREWS                   :        CIVIL ACTION
                                :
        v.                      :
                                :
JOHN PALAKOVICH                 :        NO. 06-cv-03940-JF

                        MEMORANDUM AND ORDER

Fullam, Sr. J.                                   February 8, 2006

        The magistrate judge to whom this habeas corpus case was referred has filed a report recommending that the petition be dismissed as untimely. The petitioner has filed objections to the magistrate's report, contending that, although his petition would ordinarily be time-barred, he should have the benefit of equitable tolling, because his court-appointed counsel mis-informed him about the deadline for filing.

        Petitioner has now established that, in fact, he was led astray by his court-appointed counsel. But, as the magistrate judge noted, it is firmly established that, in non-capital cases, attorney error does not constitute grounds for equitable tolling. That certainly is true with respect to retained counsel, and I consider it unlikely that an appellate court would sanction treating court-appointed counsel as an agent of the state in order to charge the government with responsibility for causing petitioner to miss the deadline. I need not reach a firm conclusion on that issue in the present case, however, since untimeliness is only one of the reasons for dismissing the petition.

        Even if the petition were deemed to have been timely filed, the record establishes that petitioner cannot prevail on the

merits.  It is undisputed that petitioner killed the victim by shooting him with a shotgun as the victim was turning away from a confrontation and attempting to re-enter his house.  Petitioner now contends that he was acing in self-defense, because he reasonably believed that the victim was attempting to obtain a firearm with which to shoot the petitioner.  The argument is that trial counsel was inadequate in failing to develop that line of defense, and in failing to allow petitioner to testify at trial.  The state courts have carefully considered all of these issues and have rejected petitioner's contentions.  Reasonable jurists would not disagree with the state courts' determinations.  The petition must be dismissed.

        An order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| KEITH ANDREWS | : | CIVIL ACTION |
| v. | : | |
| JOHN PALAKOVICH | : | NO. 06-cv-03940-JF |

ORDER

AND NOW, this 8th day of February 2007, upon consideration of petitioner's objections to the magistrate's Report and Recommendation, IT IS ORDERED:

1.  Petitioner's objections are OVERRULED.

2.  The magistrate's recommendation is ADOPTED.

3.  The petition of Keith Andrews for a writ of habeas corpus is DENIED, with prejudice.

4.  There is no probable cause for the issuance of a certificate of appealability.

5.  The Clerk is directed to close the file.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.